| | |
|---|---|
| 1 | C. Brooks Cutter (SBN 121407) |
| | bcutter@cutterlaw.com |
| 2 | John R. Parker (SBN 257761) |
| | jparker@cutterlaw.com |
| 3 | Celine Cutter (SBN 312622) |
| | ccutter@cutterlaw.com |
| 4 | CUTTER LAW P.C. |
| | 401 Watt Avenue |
| 5 | Sacramento, CA 95864 |
| | Telephone: 916-290-9400 |
| 6 | Facsimile: 916-588-9330 |
| 7 | Attorneys for Relator |
| 8 | Douglas H. Hallward-Driemeier |
| | ROPES & GRAY LLP |
| 9 | 2099 Pennsylvania Ave., NW |
| | Washington, DC 20006-6807 |
| 10 | Douglas.Hallward-Driemeier@ropesgray.com |
| | Telephone: 202.508.4600 |
| 11 | Facsimile: 202.508.4650 |
| 12 | Attorneys for Defendants |
| 13 | *Additional counsel identified below* |

**IN THE UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. THE DAN ABRAMS COMPANY LLC,<br><br>Relators,<br><br>vs.<br><br>MEDTRONIC, INC., MEDTRONIC PLC, MEDTRONIC SOFAMOR DANEK DEGGENDORF GMBH, AND MEDTRONIC PUERTO RICO OPERATIONS CO., HUMACAO.<br><br>Defendants. | Case No. **2:15-cv-01212-JAK (ASx)**<br><br>[~~PROPOSED~~] ADDENDUM TO PROTECTIVE ORDER |

-1-

STIPULATED ADDENDUM TO PROTECTIVE ORDER

Relator THE DAN ABRAMS COMPANY LLC ("Relator"), and Defendants MEDTRONIC, INC., MEDTRONIC PLC, MEDTRONIC SOFAMOR DANEK DEGGENDORF GMBH, AND MEDTRONIC PUERTO RICO OPERATIONS CO., HUMACAO ("Defendants") (collectively "the parties") stipulate to and request that the Court enter the following Addendum to the Stipulated Protective Order (Dkt. 174, hereinafter "Protective Order"):

Proposed Addendum to Protective Order

1. The definition of Receiving Party in Section 2.15 of the Protective Order is amended as follows.
   a. Receiving Party: a Party that receives Disclosure or Discovery Material from a Party; the United States shall be considered a Receiving Party with respect to any Disclosure or Discovery Material it receives in this Action pursuant to section 7.2 of this Order.
2. Section 7.2 of the Protective Order is amended to add the following:
   a. (j) the United States, to the extent a Party deems it reasonably necessary to disclose Protected Material to the United States for purposes of this Action.
3. Nothing in this Protective Order shall prevent or in any way limit or impair the right of the United States to disclose to any of its agencies or departments, or any division or office of any such agency or department, information or materials provided in this action, including those designated as Protected Material under this Order, that relate to a potential violation of law or regulation, or relating to any matter within that agency's jurisdiction. Nor shall anything contained in this Order prevent or in any way limit or impair the use of any information provided in this action, including Protected Material, by an agency in any lawfully permitted proceeding relating to a potential violation of law or regulation or relating to any matter within that

agency's jurisdiction. Disclosure of information or materials provided in this Action, including those designated as Protected Material under this Order, is permitted within the meaning of this paragraph provided, however, that the agency shall be advised of the terms of this Protective Order and maintain the confidentiality of the Protected Material in a manner consistent with the terms of this Order.

4. Nothing contained in this Protective Order shall prevent or in any way limit or impair the right of the United States to provide designated Protected Material to a Congressional entity; provided, however, that the United States shall notify the Congressional entity requesting the documents that the Protected Material has been produced pursuant to this Protective Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify the Designating Party of the Congressional entity's request and the United States' response thereto.

5. Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations imposed on a Producing or Receiving Party, and this Protective Order does not prohibit or absolve the Producing or Receiving parties from complying with such other obligations.

6. Attorneys for the United States who received Protected Material may maintain copies of any documents designated Confidential in their case file for this case, and may maintain copies of any notes or summaries containing such Protected Material in their case file for this case, subject to 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq.*

7. The protections conferred by this Protective Order do not cover any information that (i) is properly in the public domain; (ii) becomes part of the

|   |   |
|---|---|
| 1 | public domain after its disclosure to a Receiving Party as a result of |
| 2 | publication not involving a violation of this Protective Order, including |
| 3 | becoming part of the public record in this Action through trial or otherwise; |
| 4 | or (iii) is known to the Receiving Party prior to the disclosure or obtained by |
| 5 | the Receiving Party after the disclosure from a source who obtained the |
| 6 | information lawfully and under no obligation of confidentiality to the |
| 7 | Producing Party. |

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

By:   /s/ C. Brooks Cutter
C. Brooks Cutter
(*bcutter@cutterlaw.com*)
John R. Parker
(*jparker@cutterlaw.com*)
Celine Cutter
(*ccutter@cutterlaw.com*)
Cutter Law P.C.
401 Watt Avenue
Sacramento, CA 95864
Telephone: 916-290-9400
Facsimile: 916-588-9330Mychal Wilson, Esq.

(*mychal@mychalwilsonesq.com*)
The Law Office of Mychal Wilson
401 Wilshire Blvd., 12th Floor
Santa Monica, CA 90401
Telephone: 424 252-4232
Facsimile: 310 424-7116

*Attorneys for Relator*

1  By: /s/ *William L. Roberts*
2  William L. Roberts *(admitted Pro Hac Vice)*
   (*William.Roberts@ropesgray.com*)
3  James Dowden *(admitted Pro Hac Vice)*
4  (*James.Dowden@ropesgray.com*)
   Ezra D. Geggel *(admitted Pro Hac Vice)*
5  (*Ezra.Geggel@ropesgray.com*)
6  800 Boylston Street, Prudential Tower
   Boston, MA 02199-3600
7  Telephone: 617.951.7000
   Facsimile: 617.951.7050
8

9  Laura G. Hoey *(admitted Pro Hac Vice)*
10 (*Laura.Hoey@ropesgray.com*)
   191 North Wacker Drive, 32nd Floor
11 Chicago, IL 60606
12 Telephone: 312.845.1318
   Facsimile: 312.845.5562
13

14 Douglas H. Hallward-Driemeier
   *(Douglas.Hallward-Driemeier@ropesgray.com)*
15 2099 Pennsylvania Ave., NW
16 Washington, DC 20006-6807
   Telephone:  202.508.4600
17 Facsimile:  202.508.4650

18
19 Michael K. Brown (SBN 104252)
   (*mkbrown@reedsmith.com*)
20 Mildred Segura (SBN 210850)
21 (*msegura@reedsmith.com*)
   Michelle L. Cheng (SBN 239711)
22 (*mcheng@reedsmith.com*)
   Reed Smith LLP
23 355 South Grand Avenue, Suite 2900
24 Los Angeles, CA  90071-1514
   Telephone: 213.457.8000
25 Facsimile: 213.457.8080
26
   Joseph T. Dixon, III *(admitted Pro Hac Vice)*
27 (*Jdixon@fredlaw.com*)
28 Amanda M. Mills *(admitted Pro Hac Vice)*

STIPULATED ADDENDUM TO PROTECTIVE ORDER

Fredrikson and Byron PA
200 South 6th Street, Suite 4000
Minneapolis, MN 55402
Telephone: 612.492.7000
Facsimile: 612.492.7077

*Attorneys for Defendants Medtronic Inc., Medtronic Sofamor Danek USA, Inc., Warsaw Orthopedic, Inc., and Medtronic Puerto Rico Operations Co., Humacao*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: September 22, 2022

_____/ s / Sagar_____
Honorable Alka Sagar
United States Magistrate Judge